UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BELIEVE TGH, LLC, ET AL.

CIVIL ACTION

versus

23-CV-408-SDD-RLB

POINTE COUPEE PARISH, LOUSIANA

## **RULING**

This matter comes before the Court on the *Motion to Dismiss* filed by Defendant, Pointe Coupee Parish, Louisiana ("Defendant").[1] Plaintiffs, Believe TGH, LLC, Believe Therapeutic Group Home, LLC, Perpetual Properties, LLC, and Perpetual Properties II, LLC (collectively, "Plaintiffs"), filed an opposition.[2] For the reasons that follow, Defendant's Motion will be denied.

Defendant argues that Plaintiffs' Motion must be dismissed as untimely because it was filed after the dispositive motion deadline.[3] The Court ordered all dispositive motions to be filed on September 4, 2023, which was also Labor Day.[4] On September 5th, Plaintiffs filed a Motion for Partial Summary Judgment and a Motion for Extension of Time to file Dispositive Motions.[5] Three days later, Defendant moved to dismiss Plaintiffs' Motion for Partial Summary Judgment as untimely.[6]

---

[1] Rec. Doc. No. 51.
[2] Rec. Doc. No. 56.
[3] Rec. Doc. No. 51-1.
[4] Rec. Doc. No. 13.
[5] Rec. Doc. Nos. 37, 38.
[6] Rec. Doc. No. 51.

In their opposition, Plaintiffs explain that the failure to meet the deadline was due to Plaintiffs' counsel's misunderstanding of Rule 6 of the Federal Rules of Civil Procedure.[7] Rule 6 specifies a method for computing time when a deadline is stated in terms of hours, days, or a longer unit of time. Rule 6(a)(1)(C) states that if the last day of the time period falls on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."[8] However, the Court agrees with Defendant that Rule 6 does not apply to this matter because this Court specified a date certain for the filing of dispositive motions.[9]

Notwithstanding the technical untimeliness, the Court will deny the Motion to Dismiss for reasons of fairness and excusable neglect. This Court's longstanding policy is to set dates certain that they do not fall on weekends or legal holidays.[10] The setting of the dispositive motion deadline on September 4th, a legal holiday as defined by Rule 6(a)(6)(A), was an oversight.

While the Court will deny Defendant's Motion, the Court finds Defendant's arguments were well-articulated and worthy of discussing herein. Plaintiffs' counsel has exhibited a lack of diligence throughout this proceeding, missing other deadlines, deficient filings, and incorrect filings.[11] The Court was required to direct Plaintiffs' counsel to review and comply with the Federal Rules of Civil Procedure, Administrative Procedures, and the Local Rules of this Court once already.[12] Plaintiffs' counsel's personal responsibilities

---

[7] Rec. Doc. No. 56, p. 3.
[8] Fed. Civ. Pro. Rule 6.
[9] *See James v. Lane,* No. CIV.A. 12-00523-BAJ, 2014 WL 4657566 at *3 (M.D. La. Sept. 16, 2014) (explaining that the 2009 amendments to Federal Rule 6(a) state that this subdivision does not apply to deadlines where a fixed time to act has been set); *See also Rowzee v. State Farm Gen. Ins. Co.*, No. CV 21-00398-BAJ-EWD, 2023 WL 2763129, 1 n. 1 (M.D. La. Apr. 3, 2023).
[10] *See Id.*
[11] Rec. Doc. Nos. 51, 51-1, p. 1-4.
[12] Rec. Doc. No. 55.

and circumstances do not excuse his obligation to abide by the Court's deadlines, or at the very least, seek relief from the deadline before it passes.[13] While the Court will give leniency to Plaintiffs' counsel with respect to this deadline under these particular circumstances, such leniency in the future should not be expected. The Court again directs Plaintiffs' counsel to review and comply with the Local Rules, the Federal Rules, and the Orders of this Court.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss[14] is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on this ___1st___ Day of November, 2023.

JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[13] *See* Rec. Doc. Nos. 51-1, p. 3, 28-1, p. 3 (seeking an out of time extension of a deadline that had passed and explaining that counsel missed the deadline to file a third amended complaint because Plaintiffs' counsel was solo parenting, was conducting a late deposition, was recovering from illness, and Plaintiffs' counsel had to pick up his children from school).
[14] Rec. Doc. No. 51.